GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v.
C. W. DICKENS.

No. 2768.    Decided January 26, 1916.

**Practice in Supreme Court—Confessing Error—Advancing Submission of Case.**

A confession of error, after the granting of writ of error by the Supreme Court, does not relieve that body from the duty of correctly deciding the question involved, irrespective of such confession; it is improper therefore to advance the submission of the case on the ground that such confession of error has facilitated its disposition. (P. 571.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Having ordered the submission of this case advanced on the filing of confession of error by the defendant in error, the court, on its own motion, set aside such order, giving its reasons therefor in the following opinion. Writ of error herein was afterwards, April 12, 1916, dismissed by agreement.

*Baker, Botts, Parker & Garwood, Templeton, Brooks, Napier & Ogden,* and *Ed W. Smith,* for plaintiff in error.

*C. C. Harris* and *M. J. Arnold,* for defendant in error.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

A writ of error was granted in this case because of probable error in the trial court's charge to the jury. After the granting of the writ, the defendant in error filed a motion to advance the submission of the case, confessing error in the particular indicated in our allowance of the writ, and making such confession the basis of the motion. Our view at the time was that this probably warranted the advancement of the case. The motion was accordingly granted and the case was recently submitted on an advanced hearing.

We are convinced, however, upon further consideration, that a confession of error after the granting of a writ of error does not justify the advancement and hearing of the case in this court out of its regular order upon the docket. It could be regarded, we think, as a sufficient ground for such action only upon the theory that by the acknowledgment of error the decision of the case by the court would be facilitated, and therefore ought not to be postponed for a hearing in ordinary course. But a confession of error does not accomplish such result. It is the duty of the court to determine all questions correctly, notwithstanding confession of error by the parties; and we would disregard such confession, entirely, if of the opinion on the final consideration of the case that the particular question had been correctly determined in the Court of Civil Appeals. While a writ of error is granted only when it is. deemed that it should issue, it does not conclude the question of error, as is well understood. The confession of error can not bind the court; and it does not bind the party making it. It is, therefore, of no practical value or effect in our decision of the case. For these reasons it does not entitle the case to any advantage in the hearing over other causes pending.

After the confession of error was filed, the defendant in error's counsel, with the permission of the court, filed a written argument, with authorities cited, in support of the correctness of the charge. This has been made the basis of a motion by the plaintiff in error to vacate the advanced submission of the case. The argument in question was filed by counsel in good faith, and with the sanction of the court. It sufficiently appears that its only purpose was to afford the court the benefit of the authorities it discusses. Under these circumstances we have not regarded it as inconsistent with the confession of error; and have therefore overruled the motion of the plaintiff in error to vacate the submission, because unwilling to sustain it upon the ground urged.

Of our own motion it is ordered that the submission of the case be vacated and the order advancing it be set aside, believing, for the reasons we have indicated, that the motion to advance ought not to have been granted. The case will stand for submission in its regular order upon, the docket.